**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mary Elizabeth SCHIPKE, Defendant–Appellant.**

**No. 06–10135.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 25, 2008.

David P. Petermann, Esq., Jonathan Baghdassarian Granoff, Esq., Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Mary Elizabeth Schipke, Federal Medical Center, Fort Worth, TX, Gail Gianasi Natale, Esq., Law Office of Gail Gianasi Natale, Phoenix, AZ, for Defendant–Appellant.

Before: SILER,** McKEOWN and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Mary Schipke ("Schipke") appeals her conviction for threatening the use of a

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(3). The facts are known to the parties and need not be repeated here.

1. The district court did not err in its instruction to the jury on the intent requirement for a "true threat" under 18 U.S.C. § 2332a(a)(3). As Schipke had requested, the court's "true threat" instruction focused on her subjective intent and incorporated the definition of a "true threat" from the Supreme Court's decision in *Virginia v. Black,* 538 U.S. 343, 359–60, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003). Although the district court did not incorporate Schipke's entire proposed instruction, she is not entitled to an instruction using precisely the words she wants as long as the instruction is legally correct. *See United States v. Marks,* 530 F.3d 799, 809 (9th Cir.2008) (citation omitted).

2. The government introduced sufficient evidence at trial that Schipke threatened to use a destructive device against property leased by the United States. *See* 18 U.S.C. § 2332a(a)(3). Several witnesses testified that Schipke threatened to detonate a bomb at the Oracle Post Office, which is located in a building leased by the federal government.

3. Schipke's rights under the Speedy Trial Act, 18 U.S.C. § 3161, were not violated. Schipke has failed to show that more than seventy non-excluded days elapsed between her indictment and the start of her trial.

4. The district court properly found that Schipke's conduct satisfied the motivational element of U.S.S.G. § 3A1.4 because her actions were "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate

ed by 9th Cir. R. 36–3.

against government conduct." *See* U.S.S.G. § 3A1.4 cmt. n. 1 (incorporating definition of "federal crime of terrorism" from 18 U.S.C. § 2332b(g)(5)).

5. Finally, a review of the district court's sentencing hearing indicates that it considered the factors set forth in 18 U.S.C. § 3553(a). Schipke has failed to show that the district court's decision to depart from an advisory guideline range of 210–262 months and impose a sentence of 48 months was an abuse of discretion. *See United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir.2008) (en banc).

For each of these reasons, the judgment of the district court is AFFIRMED.